IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE
2018 MAR -7 I A 8 24
DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | | |
|---|---|---|
| Eugene P. Harrison, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Sumter County Sheriff's Dept., | ) | |
| Lt. Trevor Brown, | ) | |
| South Carolina Department of Corrections, | ) | |
| Janice Kenealy. | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 10) recommending that the Court dismiss this action without prejudice and without issuance of service of process.

### I.  Background and Relevant Facts

Plaintiff filed this *pro se* civil action on December 20, 2017. (Dkt. No. 1.) Plaintiff alleges that Defendants, pursuant to 42 U.S.C. § 1983, violated his Fourth, Fifth, and Fourteenth Amendments rights in connection with his arrest on August 6, 2010 and subsequent detention. Plaintiff also asserts claims under the South Carolina Tort Claims Act. Plaintiff seeks monetary damages.

The Magistrate Judge observed that Plaintiff previously filed an action against Defendants Brown, the South Carolina Department of Corrections ("SCDC"), and the Sumter County Sheriff's Department based on the same incidents. (Dkt. No. 10 at 2-3.) That case was dismissed without prejudice after Defendants received summary judgment. The Magistrate Judge therefore determined that, to the extent Plaintiff is attempting to litigate the same claims here, he

is precluded from doing so under the doctrines of res judicata and collateral estoppel. (*Id.* at 4.) The Magistrate Judge further reasoned that even if Plaintiff's claims are not barred by res judicata, this action is subject to summary dismissal because Plaintiff's Section 1983 claims, including any claims for false arrest, false imprisonment, and excessive force, are barred by the applicable statute of limitations. (*Id.* at 5-7.) Additionally, to the extent Plaintiff intended to assert a negligence claim against Defendants for his car being towed following his arrest, such a claim is not actionable under Section 1983. Finally, Defendants SCDC, Sumter County Sheriff's Department, Brown, and Kenealy (in their official capacities) are entitled to Eleventh Amendment Immunity. (*Id.* at 8-10.) Because the Court adopts the Magistrate Judge's recommendation to dismiss all of Plaintiff's federal claims, dismissal of the state law claims without prejudice is appropriate. (*Id.* at 10.)

## II. Legal Standard

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which

specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. Discussion

No party has filed objections to the R. & R., and the deadline to file objections has passed. In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

### IV. Conclusion

For the reasons set forth above, the Court adopts the R. & R. (Dkt. No. 10) as the order of the Court. This action is dismissed without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 6, 2018
Charleston, South Carolina